UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA L. KELLY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:22-cv-01256 |
| ROCK THE SCORE LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW comes AMANDA L. KELLY ("Plaintiff"), by and through the undersigned, complaining as to the conduct of ROCK THE SCORE LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* as well as the Iowa Credit Services Organizations Act ("ICSOA") under Iowa Code § 538A.1 *et seq.,* in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to Claimant's claims occurred within, the Eastern District of Missouri.

### PARTIES

1

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), over 18 years of age residing in Council Bluffs, Iowa.

5. Defendant is a credit repair organization that claims to help consumers improve their credit history through its offered services. Defendant is a limited liability company organized under the laws of the state of Missouri maintaining its principal place of business at 5308Cardinal Ridge Circle, St. Louis, Missouri.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately April of 2022, Plaintiff was attempting to purchase a home but was struggling to secure financing given the nature of her credit score and history.

9. Claimant subsequently began exploring options to go about improving her credit score, and subsequently happened upon Defendant.

10. Upon speaking with Defendant, Defendant explained that it would be able to assist Plaintiff in improving her credit score.

11. Defendant represented that through its services and the information it reported to the various credit reporting agencies, Plaintiff's credit score would improve once Defendant began reporting her on-time rent payments.

12. Claimant, desperate for any help she could find to improve her credit score and secure financing for the purchase of a home, agreed to use Respondent's services and entered into a contract for the provision of the same.

13. Defendant's services came with various upfront fees that totaled approximately $120.00, with such fees being assessed before Defendant began performing any of its obligations under the parties' agreement, as well as monthly fees.

14. Plaintiff made her upfront payments and monthly payments to Defendant for months; however, Plaintiff's credit score failed to improve at all as a result of Defendant's program and services.

15. Plaintiff would frequently contact Defendant to ask about why its services were not improving her credit, and Defendant would persistently provide Plaintiff the run-around and attempt to convince Plaintiff that its services were working and Plaintiff should stay with them.

16. However, Defendant repeatedly failed to deliver any services that resulted in any improvement to Plaintiff's credit history.

17. Instead, Plaintiff was compelled to engage in various self-help remedies in order to improve her score to where financing for a home could be possible.

18. As a result of Plaintiff's actions, she was able to cancel her agreement with Defendant; however, despite cancelling her agreement with Defendant, Defendant failed to return Plaintiff's payments for services that Defendant failed to fully perform.

19. Plaintiff paid hundreds of dollars to Defendant for credit repair services that Defendant completely failed to perform in manner Defendant represented.

20. Frustrated, distressed, and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm stemming from her reliance on Defendant's conduct, deprivation of her right to receive information regarding

Defendant's services, as well as violations of her state and federally protected interests – interests which were harmed put at a material risk of harm stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

   a. **Violations of CROA §§ 1679b(a)(3)-(4)**

25. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

26. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it would provide Plaintiff. Defendant represented that its services would result in an improvement to Plaintiff's credit score. However, despite Plaintiff making all necessary upfront and monthly payments

4

pursuant to the agreement, Defendant failed to deliver the represented services and results to Plaintiff.

27. Defendant further violated the above provisions of the CROA through its deceptive and misleading representations made to Plaintiff in order to convince Plaintiff to continue making monthly payments. When pressed on why Defendant was failing to deliver any results for Plaintiff, Defendant deceptively and misleadingly represented that its services were working and that Plaintiff just needed to continue making her payments and working with Defendant. However, despite Plaintiff continuing to make payments to Defendant, Defendant persisted in failing to deliver the represented services and results.

    **b.  Violations of CROA § 1679b(b)**

28. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

29. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant charged Plaintiff upfront fees prior to performing any services for Plaintiff, and similarly failed to refund Plaintiff for services it failed to fully perform.

    **c.  Violation of CROA § 1679c**

30. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement

between the credit repair organization and the consumer or any other written material provided to the consumer."

31. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

### d.  Violation of CROA §§ 1679d & 1679e

32. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

33. Defendant violated 15 U.S.C. §§ 1679d & 1679e through its complete failure to provide the statutory information in its contract with Plaintiff, including but not limited to a failure to provide the proper notice of a consumer's right to cancel a contract, as well as its failure to provide the notice of cancellation to Plaintiff.

34. Defendant's noncompliant contracts render its contract void and unenforceable pursuant to 15 U.S.C. § 1679f.

WHEREFORE, Plaintiff, AMANDA L. KELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

   c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II – VIOLATIONS OF THE IOWA CREDIT SERVICES ORGANIZATIONS ACT**</u>

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "buyer" as defined by Iowa Code § 538A.1.1.

37. Defendant is a "credit services organization" as defined by Iowa Code § 538.2.1.

   a. **Violation of ICSOA § 538A.3.1**

38. The ICSOA, pursuant to Iowa Code § 538A.3.1, provides that a CSO shall not "[c]harge a buyer or receive from a buyer money or other valuable consideration before completing performance of all services the credit services organization has agreed to perform for the buyer . . . ."

39. Defendant violated § 538A.3.1 in much the same way it violated § 1679b(b) of the CROA.

   b. **Violations of ICSOA §§ 538A.3.3-.4**

40. The ICSOA, pursuant to Iowa Code § 538A.3.3, provides that a CSO shall not "[m]ake or use a false or misleading representation in the offer or sale of the services of a credit services organization." Similarly, Iowa Code § 538A.3.4 provides that a CSO shall not "[e]ngage, directly or indirectly, in a fraudulent or deceptive act, practice, or course of business in connection with the offer or sale of the services of a credit services organization."

7

41. Defendant violated the above provisions of the ICSOA in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

### c. Violations of ICSOA § 538A.6

42. The ICSOA, pursuant to Iowa Code § 538A.6, outlines the disclosures and information that CSOs must provide to buyers before buyers enter into any contract with a CSO.

43. Defendant violated § 538A.6 through its complete failure to provide Plaintiff the disclosures required by the statute.

### d. Violations of ICSOA § 538A.7

44. The ICSOA, pursuant to Iowa Code § 538A.7, outlines the requirements for contracts entered into between CSOs and buyers.

45. Defendant violated § 538A.7 through its failure to provide the requisite information in the contract with Plaintiff.

WHEREFORE, Plaintiff, AMANDA L. KELLY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Iowa Code § 538A.9;

c. Awarding Plaintiff's costs and reasonable attorney fees pursuant to Iowa Code § 538A.9;

d. Awarding Plaintiff punitive damages pursuant to Iowa Code § 538A.9; and,

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 23, 2022                                             Respectfully Submitted,

s/ Nathan C. Volheim

Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Missouri
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com